UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>      Plaintiff,<br><br>   v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.103.77.147,<br><br>      Defendant. | Case No. 22-cv-02899-JCS<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA**<br><br>Re: Dkt. No. 8 |

Plaintiff Strike 3 Holdings, LLC moves ex parte for leave to serve a third party subpoena prior to a Rule 26(f) conference. The Court being duly advised does hereby FIND, ORDER AND ADJUDGE:

1. Plaintiff has established that "good cause" exists for it to serve a third party subpoena on Comcast Cable ("Comcast").  See *UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D. Cal. 2008); and *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008).

2. Plaintiff may serve Comcast with a Rule 45 subpoena commanding Comcast to provide Plaintiff with the true name and address of the Defendant to whom Comcast assigned the IP address 76.103.77.147. Plaintiff shall attach to any such subpoena a copy of this Order.

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant (together with Comcast, the "ISPs").

4. IT IS FURTHER ORDERED that subpoenas authorized by this order and issued pursuant thereto shall be deemed appropriate court orders under 47 U.S.C. § 551. In particular, 47 U.S.C. § 551(c)(2)(B) provides as follows:

1  (c) Disclosure of personally identifiable information

2  [. . .]

3  (2) A cable operator may disclose such information if the disclosure is—

4  [. . .]

5  (B) subject to subsection (h) [relating to disclosures to governmental agencies] of this
6  action, made pursuant to a court order authorizing such disclosure, if the subscriber is notified of
7  such order by the person to whom the order is directed . . . .

8  This order is an order authorizing such disclosure.

9  5.  IT IS FURTHER ORDERED that each ISP will have 30 days from the date of
10 service upon it to serve each of its subscriber(s) whose identity information is sought with a copy
11 of the subpoena and a copy of this order.  The ISPs may serve the subscribers using any
12 reasonable means, including written notice sent to the subscriber's last known address, transmitted
13 either by first-class mail or via overnight service.

14 6.  IT IS FURTHER ORDERED that each subscriber and each ISP shall have 30 days
15 from the date of service upon him, her or it to file any motions in this court contesting the
16 subpoena (including a motion to quash or modify the subpoena). If the 30-day period after service
17 on the subscriber lapses without the subscriber or the ISP contesting the subpoena, the ISP shall
18 have 10 days to produce to Plaintiff the information responsive to the subpoena with respect to
19 that subscriber.

20 7.  IT IS FURTHER ORDERED that any ISP that receives a subpoena shall preserve
21 all subpoenaed information pending the ISP's delivering such information to Plaintiff or the final
22 resolution of a timely filed motion to quash the subpoena with respect to such information.

23 8.  IT IS FURTHER ORDERED that any information disclosed to Plaintiff in response
24 to a subpoena may be used by Plaintiff solely for the purpose of protecting its rights under the
25 Copyright Act, 17 U.S.C. § 101 *et seq*.

26

27

28

9. IT IS FURTHER ORDERED that any name or other personal identifying information of any current or proposed defendant shall be filed UNDER SEAL in all filings and not otherwise disclosed.

**IT IS SO ORDERED.**

Dated: May 25, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge